IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| GREGORY COWART | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-0895-N-BD |
| | § | |
| BAYLOR HEALTH SYSTEMS, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Gregory Cowart against Baylor Health Systems and five private security guards. On April 29, 2011, plaintiff tendered a one-page handwritten complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on May 9, 2011. The court now determines that this case should be summarily dismissed for lack of subject matter jurisdiction.

II.

As best the court can decipher his pleadings, plaintiff appears to allege that he was attacked without cause or provocation by five security guards employed by Baylor Health Systems. (*See* Plf. Compl.; Mag. J. Interrog. #1(c)). Plaintiff states that he was walking by Baylor Hospital on April 27, 2011, when one of the guards, A. Brinkley, approached and threw him to the ground. (*See* Plf. Compl., attch. at Page ID 7). Four other guards were summoned by Brinkley and repeatedly kicked plaintiff in the back and head until he was unconscious. (*Id.*). By this action, plaintiff seeks $150 million as compensation for his injuries. (*See* Plf. Compl. & Civil Cover Sheet).

III.

The court must initially examine the basis for federal subject matter jurisdiction. Unless otherwise provided by statute, federal district courts have jurisdiction over: (1) federal questions arising under the Constitution, laws, or treaties of the United States; and (2) civil actions between citizens of different states or foreign nations where the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331 & 1332(a). A party seeking to invoke the jurisdiction of a federal court must prove that jurisdiction is proper. *See Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 771 (1996).

Plaintiff has failed to allege a cognizable claim arising under federal law. In his complaint and interrogatory answers, plaintiff attempts to assert a civil rights claim against Baylor Health Systems and its employees under 42 U.S.C. § 1983. However, only "state actors" may be sued for federal civil rights violations. Private citizens, like defendants, become "state actors" only when their conduct is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982); *see also Bass v. Parkwood Hospital*, 180 F.3d 234, 241 (5th Cir. 1999). Plaintiff does not allege that the Baylor security guards attacked or injured him

on orders from a state law enforcement officer or other state actor. Without facts to support such an allegation, the court is unable to conclude that the conduct of defendants is "fairly attributable to the State." *See, e.g. Canfield v. Baylor Medical Center*, No. 3-05-CV-1828-D, 2006 WL 2460554 at *4 (N.D. Tex. Aug. 23, 2006) (noting that private hospitals, such as Baylor Medical Center, are not state actors); *Knight v. Stoltz*, No. 3-01-CV-1398-L, 2001 WL 1545767 at *2 (N.D. Tex. Nov. 30, 2001) (dismissing as frivolous civil rights claim against Baylor Medical Center because, *inter alia*, complaint failed to identify any acts or conduct committed by hospital employees "under color of state law").[1]

Nor is there any basis for federal diversity jurisdiction. It is apparent from the face of the complaint and interrogatory answers that plaintiff and defendants are citizens of Texas. (*See* Mag. J. Interrog. #3). Thus, there is not complete diversity between the parties. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74, 98 S.Ct. 2396, 2402-03, 57 L.Ed.2d 274 (1978) (in order for a federal court to exercise diversity jurisdiction, the citizenship of *all* plaintiffs must be different from the citizenship of *all* defendants).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed without prejudice for lack of subject matter jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place

---

[1] To the extent plaintiff argues that Fed. R. Civ. P. 23 creates federal question jurisdiction, (*see* Mag. J. Interrog. #1(a), 4), his argument is without merit. The federal rules of civil procedure do not create federal jurisdiction. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 368-70 & n.7, 98 S.Ct. 2396, 2400 & n.7, 57 L.Ed.2d 274 (1978).

in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 11, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE